NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| NUNE MAMIKONYAN;<br>DAVIT KIRAKOSYAN, | ) <br> ) <br> ) | No. 05-76689 |
| Petitioners, | ) <br> ) | Agency Nos. A075-686-638<br>          A075-686-639 |
| v. | ) <br> ) | **MEMORANDUM**<sup></sup> |
| ERIC H. HOLDER, Jr., Attorney<br>General, | ) <br> ) <br> ) | |
| Respondent. | ) <br> ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted April 5, 2010<sup>**</sup>
Pasadena, California

Before:     FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Nune Mamikonyan, a native and citizen of Armenia, petitions for review of

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

the Board of Immigration Appeals' denial of her application for asylum,[1] withholding of removal,[2] and Convention Against Torture[3] (CAT) relief.[4]  We grant the petition in part and dismiss it in part.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992).  "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."  Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).  When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817.  The same standard applies to credibility determinations.  See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir.

_____

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[4] Because the petition of Davit Kirakosyan, her son, is derivative of hers, we do not consider it separately.  It stands or falls with hers.

2

2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason'" for disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and are satisfied that the BIA's credibility decision was not supported by substantial evidence. The BIA agreed with the Immigration Judge that Mamikonyan lacked credibility. The BIA, like the IJ, placed heavy reliance on an unsworn letter from Mamikonyan's mother that was filed when she sought to obtain refugee status for herself and for Mamikonyan. The letter did not refer to matters that Mamikonyan presented in her application for asylum and testimony. We do not see how that letter can bear the weight placed upon it and almost by itself serve to support rejection of Mamikonyan's testimony.[5] Even if it was proper to draw inferences from the omissions in the letter, on this record the inferences are weak and at least approach speculation. See Lin v. Gonzales, 434 F.3d 1158, 1162 (9th Cir. 2006); Bandari v. INS, 227 F.3d 1160, 1167 (9th Cir. 2000). The fact that Mamikonyan could not explain what her mother was thinking about does not change our conclusion. Nor does the fact that

---

[5]The letter was submitted by the government. Had it been tendered by Mamikonyan to support her application, we might have reached a different conclusion. See Kohli v. Gonzales, 473 F.3d 1061, 1071 (9th Cir. 2007).

3

neither Mamikonyan's mother nor her son testified do so, and, as the BIA pointed out, her brother lacked sufficient knowledge.

Because the BIA's credibility determination was not supported by the evidence, we grant Mamikonyan's petition and remand to the BIA for further consideration of her asylum application. See INS v. Ventura, 537 U.S. 12, 16–17, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002) (per curiam); Guo, 361 F.3d at 1203–04.

For the same reason, we remand for further consideration of Mamikonyan's application for withholding of removal. See Smolniakova v. Gonzales, 422 F.3d 1037, 1053 (9th Cir. 2005).[6]

Petition GRANTED in part, and DISMISSED in part.

---

[6]On appeal, Mamikonyan asserts that she is entitled to CAT relief. However, she did not raise a CAT issue before the BIA. Thus, we lack jurisdiction over the claim. See Zara v. Ashcroft, 383 F.3d 927, 930–31 (9th Cir. 2004). She also failed to raise her current claim about the IJ's denial of a continuance before the BIA. We lack jurisdiction over that issue as well. See Mabugat v. INS, 937 F.2d 426, 430 (9th Cir. 1991). Thus, we dismiss the petition as far as those issues are concerned.

<u>Mamikonyan v. Holder</u>, No. 05-76689

FERNANDEZ, Circuit Judge, dissenting:

In my view, the omissions in Mamikonyan's mother's letter, the admission of which Mamikonyan did not object to, together with her brother's lack of knowledge that she was a Jehovah's Witness in Armenia and her failure to call her mother or her son, who was present in court, to testify were sufficient to support the lack of credibility determination. Thus, I respectfully dissent, except as to footnote 6.